UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEION CHAMBERS,
    Plaintiff,

v().                                                        Case No.: 3:23cv10285/TKW/ZCB

T. BUTLER, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Currently before the Court is a motion to dismiss filed by Defendants. (Doc. 65).[1] Plaintiff responded in opposition. (Docs. 74, 86).[2] For the reasons below, Defendants' motion should be denied.

### I. Summary of Plaintiff's Factual Allegations[3]

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He has sued seven correctional officers in their individual

---

[1] Defendants Butler, Young, Sasser, Lane, Sears, and Sammis initially filed the motion to dismiss. (Doc. 65). The motion was later adopted by Defendant Benitoa (Docs. 78, 82).

[2] In both of Plaintiff's responses, he mistakenly believes Defendants filed a motion for summary judgment. (Docs. 74 at 1, 86 at 1). No motion for summary judgment has been filed.

[3] At this stage, the Court assumes the truth of Plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

capacities: Captain T. Butler, Lieutenant D. Young, Sergeant Draven Sasser, Officer J. Lane, Officer Neil Sears, Officer Nicholas Benitoa,[4] and Officer Tyler Sammis. (Doc. 22 at 2-4).

Plaintiff alleges that on March 18, 2023, he turned in his tablet to be charged. (*Id.* at 6). When the tablets were passed back out, Plaintiff did not receive his. (*Id.*). In an attempt to get his tablet back, Plaintiff stuck his arm through the feeding flap and "refus[ed] to move it [until] his tablet was returned." (*Id.*). Defendants Butler and Young instructed Plaintiff to remove his arm from the feeding flap. (*Id.*). Plaintiff refused. (*Id.*). Defendants Butler and Young gave Plaintiff a "final order to submit to hand restraints," but Plaintiff again refused. (*Id.*). Plaintiff was then sprayed "several times with chemical agents." (*Id.*).

Plaintiff continued to refuse to submit to hand restraints. (*Id.*). Defendant Young assembled a cell extraction team to remove Plaintiff from his cell and escort him to a decontamination shower. (*Id.*). The extraction team consisted of Defendants Sasser, Lane, Sears, Benitoa, and Sammis. (*Id.*). Each Defendant had a specific task. Defendant

---

[4] Defendant Benitoa was substituted for Defendant Moore. (*See* Docs. 55, 59).

Sasser "took Plaintiff to the ground and pinned him there so he could not move." (*Id.*). Defendant Benitoa "sat[] on Plaintiff['s] legs." (*Id.*). Defendant Sammis "place[d] leg restraints on Plaintiff." (*Id.*). Defendant Lane "placed Plaintiff in a[n] arm bar" and "appl[ied] hand restraints." (*Id.*). Plaintiff alleges he was fully restrained and no longer "resisting, combative, [or] threatening" when Defendant Sears "use[d] handcuffs as improvised brass knuckles to repeatedly punch Plaintiff in the head, back, and neck areas until he los[t] consciousness." (*Id.* at 6-7). Plaintiff asserts the rest of the cell extraction team, as well as Defendants Young and Butler, did nothing to stop Defendant Sears from beating him unconscious. (*Id.* at 7). Plaintiff was then carried to the shower to decontaminate. (*Id.*).

Plaintiff claims he suffered physical and emotional injuries from the incident. (*Id.*). He brings an excessive force claim against Defendant Sears and failure to intervene claims against the remaining Defendants. (*Id.* at 9-10). He seeks declaratory relief and monetary damages. (*Id.* at 10). Defendants Butler, Young, Sasser, Lane, Sammis, and Benitoa have moved to dismiss Plaintiff's failure to intervene claims against them.

(Doc. 65). And all Defendants have moved to dismiss Plaintiff's punitive damages claim. (*Id.*).

## II. Motion to Dismiss Standard

Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th

4

Cir. 2022). Additionally, a *pro se* litigant's complaint must be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

### III. Discussion

Defendants have moved to dismiss on several grounds. First, they argue Plaintiff has failed to state an Eighth Amendment failure to intervene claim against Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa. (Doc. 65 at 5-7). Second, Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa argue they are entitled to qualified immunity. (*Id.* at 7-12). Finally, Defendants argue Plaintiff's claim for punitive damages is statutorily barred. (*Id.* at 12-20). The Court will address each of the arguments below.

### A. Plaintiff has plausibly alleged an Eighth Amendment failure to intervene claim against Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa.

Plaintiff alleges that Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa violated the Eighth Amendment by failing to intervene when excessive force was used by Defendant Sears. "An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be liable for failing to intervene, so long as he was in a position to intervene yet

5

failed to do so." *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020) (cleaned up); *see also Clark v. Argutto*, 221 F. App'x 819, 826 (11th Cir. 2007) (recognizing that liability under the Eighth Amendment "can be imposed upon prison guards who are present at the scene and who are in a position to intervene").

Here, Defendants assert that Plaintiff has not stated a failure to intervene claim against any Defendant because "Plaintiff takes the untenable position that cell extraction team members . . . were each engaged in roles and duties as part of the extraction team, but nevertheless should have ceased efforts to restrain Plaintiff to address Officer Sears' actions." (Doc. 65 at 7). Plaintiff responds by reasserting that Defendant Sears used excessive force and all Defendants "were in [a] position to stop, prevent, or intervene in the malicious assault and battery" on Plaintiff. (Doc. 74 at 11).

According to Plaintiff's allegations, Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa were present in his cell during the forced cell extraction. While they were present, Plaintiff claims that Defendant Sears used excessive force by repeatedly striking him in the head and neck area with handcuffs until such time as Plaintiff became

unconscious. And Plaintiff claims that Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa took no actions to intervene when Defendant Sears allegedly used the excessive force.

Defendants do not argue that Plaintiff has failed to plausibly state an excessive force claim.[5] Accepting Plaintiff's allegations as true and liberally construing them (as the Court must at this stage), Plaintiff has stated a plausible failure to intervene claim against Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa. More specifically, he has plausibly alleged that these Defendants were present in the cell and had an opportunity to intervene when Defendant Sears allegedly struck Plaintiff in the head over and over until he lost consciousness. Thus, Defendants' motion to dismiss the failure to intervene claims should be denied.

### B. Defendants are not entitled to qualified immunity at this time.

Defendants also argue that dismissal is warranted because of qualified immunity. (Doc. 65 at 7-12). "Under the qualified immunity doctrine, government officials performing discretionary functions are

---

[5] Defendants do not move to dismiss Plaintiff's excessive force claim against Defendant Sears.

immune not just from liability, but from suit, unless the conduct which is the basis for suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999).

For defendants to receive qualified immunity, "they must first demonstrate that they were engaged in a discretionary duty." *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). If they were, then the burden shifts to the plaintiff to establish that qualified immunity is unwarranted. *Id.* Meeting that burden requires "satisfying a two-part inquiry." *Id.* First, the plaintiff's allegations, if true, must establish a violation of a constitutional right. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). Second, that constitutional right must have been clearly established when the incident occurred. *Id.* The plaintiff must satisfy both parts, but the "analysis may be done in whatever order is deemed most appropriate for the case." *Id.*

Here, it is clear Defendants were engaged in a discretionary duty. The Court has already explained that Plaintiff has plausibly alleged a violation of the Eighth Amendment by Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa. Thus, all that remains is the second part

of the qualified immunity inquiry—whether the constitutional right was clearly established when the incident occurred.

The defense of qualified immunity is generally unsuccessful at the motion to dismiss stage in Eighth Amendment excessive force cases because "the use of malicious and sadistic . . . force to cause harm is a clear violation of the Constitution and Supreme Court precedent." *McReynolds v. Alabama Dep't of Youth Servs.*, 204 F. App'x 819, 821 (11th Cir. 2006). Thus, the Eleventh Circuit has recognized that if such malicious and sadistic use of force is plausibly alleged (as Defendants have admitted here by not moving to dismiss Plaintiff's excessive force claim), then qualified immunity is unavailable at the motion to dismiss stage for the officer alleged to have used the excessive force. *See, e.g.*, *Skrtich v. Thornton*, 280 F.3d 1295, 1305 n.10 (11th Cir. 2002) (noting that the defendant's motion to dismiss "was due to be denied because no defense of qualified immunity is available to Eighth Amendment claims of excessive force").

Although it is not claimed that Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa personally used excessive force against Plaintiff, "in cases where the use of force is declared clearly

unconstitutional, the officers that failed to intervene are no more entitled to qualified immunity than the officer using force." *Helm v. Rainbow City*, 989 F.3d 1265, 1278 (11th Cir. 2021) (cleaned up); *see also Skrtich*, 280 F.3d at 1301 ("[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance."). And once it is determined that "the use of force is not entitled to qualified immunity and other officers could have intervened but did not, the Court does not conduct a separate clearly established analysis pertaining to each officer's failure to intervene." *Helm*, 989 F.3d at 1278.

As noted above, Defendants have not moved to dismiss Plaintiff's excessive force claim against Defendant Sears. Thus, it is presumed that Plaintiff has plausibly stated an excessive force claim against Defendant Sears. And just as Defendant Sears would not be entitled to qualified immunity on Plaintiff's excessive force claim, Defendants Butler, Young, Lane, Sasser, Sammis, and Benitoa are not entitled to dismissal of the failure to intervene claims based on qualified immunity. *See, e.g., id.* (affirming the district court's conclusion that defendants who allegedly failed to intervene were not entitled to qualified immunity); *Jackson v.*

10

*Catanzariti*, No. 6:12cv113, 2019 WL 4874809, at *25 (S.D. Ga. Oct. 2, 2019) ("Nonfeasance by an officer in the face of another officer's excessive force, when that officer is in a position to intervene, violates clearly established law.").

### C. Defendants are not entitled to dismissal of Plaintiff's request for punitive damages.

Lastly, Defendants have moved to dismiss Plaintiff's request for punitive damages on the ground that they are barred by 18 U.S.C. § 3626(a)(1)(A). (Doc. 22 at 12-20). The Court believes this issue is not appropriately raised in a motion to dismiss under Rule 12(b)(6). As this Court and others have recognized, "[r]esolution of [this] issue is not dispositive of this case, nor will it change the course of proceedings" on the Plaintiff's claims against Defendants. *Allen v. Wilkerson*, No. 4:22cv148/WS/MJF, 2024 WL 1068889, at *6 (N.D. Fla. Feb. 6, 2024), *adopted by* 2024 WL 1054625 (Mar. 11, 2024). Thus, "Defendants may raise the issue again at the trial stage." *Id.*; *see also Watson v. Harris*, No. 1:23cv41/AW/ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023), *adopted by* 2024 WL 23160 (Jan. 2, 2024); *Baker v. Rathel*, No. 1:23cv3/AW/MJF, 2023 WL 7496224, at *5 (N.D. Fla. Oct. 5, 2023), *adopted by* 2023 WL 7497491 (Nov. 13, 2023).

Moreover, even if the argument was properly raised in a motion to dismiss under Rule 12(b)(6), it lacks merit for the reasons explained in multiple other opinions. *See Blake v. Ortega*, No. 3:23cv8553/LC/HTC, 2024 WL 2000107, at *4 (N.D. Fla. Mar. 18, 2024), *adopted by* 2024 WL 1996014 (May 6, 2024); *see also Santiago v. Walden*, No. 3:23cv741/MMH/JBT, 2024 WL 2895319, at *9 (M.D. Fla. June 10, 2024); *Walker v. Bailey*, No. 3:23-cv-511/MMH/MCR, 2024 WL 3520868, at *8 (M.D. Fla. July 24, 2024). Accordingly, Defendants' motion to dismiss Plaintiff's request for punitive damages should be denied.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 65) be **DENIED**.
2. The deadline for Defendants' answer(s) be established as 14 days from the date of the District Judge's order regarding this Report and Recommendation.

At Pensacola, Florida this 21st day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.